**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARRISON LEWIS,<br><br>                Petitioner,<br><br>      v.<br><br>LAMINE NDIAYE,<br><br>                Respondent. | Civil Action No. 21-15027 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

      This matter comes before the Court on the petition for a writ of habeas corpus filed by Petitioner Harrison Lewis purportedly brought pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Also before the Court are Petitioner's motions seeking "clarity" (ECF No. 9) and to withdraw Petitioner's guilty plea in his underlying criminal matter. (ECF No. 10.) As Petitioner has paid the filing fee in this matter, this Court is required by Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed for lack of jurisdiction, and Petitioner's motions shall be denied as moot in light of the dismissal of his petition.

**I.    BACKGROUND**

      Petitioner is a convicted federal prisoner currently detained at the Fort Dix Federal Correctional Institution. (ECF No. 1 at 1.) He is currently serving a prison sentence arising out

of a bank robbery conviction in the District of Maryland. (*See United States v. Lewis*, District of Maryland Docket No. 17-323.) In his current habeas petition, he seeks to challenge the validity of that conviction, arguing that his conviction is invalid because the District of Maryland and the Fourth Circuit are "Kangaroo court[s]" which lacked jurisdiction over him. (ECF No. 1 at 1-2.) The exact nature of his claim is unclear, but he appears to be arguing either that the United States was not properly a party to his criminal proceedings, or his trial and conviction are not authorized by Congress via statute. (*Id.*) In any event, it is clear that he is directly challenging the jurisdiction of the criminal court and the validity of his sentence. (*Id.*) Petitioner appears to have filed a substantially similar motion in the District of Maryland in his criminal proceeding. (*Lewis*, District of Maryland Docket No. 17-323 at ECF No. 249.)

Petitioner initially filed this matter in July 2021. (ECF No. 1). He thereafter filed a letter requesting an extension of time within which to file a brief in support of his petition (ECF No. 4), which Judge Hillman granted in September. (ECF No. 5.) Petitioner did not file a brief, however, and requested a second extension. (ECF No. 6.) Although Judge Hillman granted that motion, in doing so, Judge Hillman informed Petitioner that his brief was due by December 3, 2021, and that if a brief were not filed by that time, his petition would be screened pursuant to Rule 4 without the benefit of Petitioner's brief. (ECF No. 7.) On or about November 29, 2021, Petitioner filed another motion, this time asking for an explanation as to the Rule 4 screening process, and a further extension of time. (ECF No. 9.) Petitioner did not timely file a brief in accordance with Judge Hillman's last order. (ECF Docket Sheet.) On December 10, 2021, this Court instead received a motion which Petitioner labels a motion to withdraw an unspecified plea,[1] but which in essence

---

[1] By all appearances, Petitioner pled not guilty to all charges in his underlying criminal proceeding, so it is thoroughly unclear what plea he wishes to withdraw. As this Court lacks jurisdiction over this matter as explained below, however, this Court need not determine Petitioner's precise

2

appears to be a motion requesting that this Court take action on his habeas petition because the motion he filed to vacate his sentence in Maryland pursuant to 28 U.S.C. § 2255 is not proceeding as quickly as he would like.  (ECF No. 10.)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.    DISCUSSION

In his current petition, Petitioner seeks to challenge his underlying criminal conviction, entered in the District of Maryland, through a § 2241 petition.  Generally, a federal prisoner seeking to challenge his conviction or sentence must do so through "a motion filed under 28 U.S.C. § 2255 in the sentencing court." *Rodriguez v. Warden Lewisburg USP*, 645 F. App'x 110, 112 (3d Cir. 2016) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).  A prisoner may instead challenge his conviction through a § 2241 petition filed in his district of confinement,

---

intentions in his motion at this time.  (*See Lewis*, District of Maryland Docket No. 17-323 Docket Sheet.)

however, when he can show that the remedy available through a § 2255 motion is inadequate or ineffective to test the legality of his detention. *Id.*; *see also In re Dorsainvil*, 119 F.3d 245, 249-51 (3d Cir. 1997). The § 2255 remedy will only be inadequate "where the petitioner demonstrates that some limitation of scope or procedure would prevent the petitioner from receiving adequate adjudication of his or her claims under § 2255. This exception is extremely narrow and applies only in rare circumstances." *Concepcion v. Zichefoose*, 442 F. App'x 622, 623 (3d Cir. 2011); *Okereke*, 307 F.3d at 120-21; *Dorsainvil*, 119 F.3d at 251-52. The § 2255 remedy will not be inadequate or ineffective merely because the petitioner cannot meet that statute's gatekeeping requirements, and will instead be inadequate only in the rare circumstances where an intervening change of law renders a given conviction unlawful insomuch as the involved conduct has been rendered non-criminal *and* the petitioner was deprived of a previous opportunity to raise a challenge on that basis. *Dorsainvil*, 119 F.3d at 251-52.

Petitioner makes no such argument here, and instead appears merely to be arguing that he believes the District of Maryland lacked jurisdiction over him either because he believes the United States was not properly a party to his criminal proceeding – which appears to be mistaken from his criminal docket sheet – or because he believes his conviction was not properly authorized by statute notwithstanding his having been found guilty of bank robbery charges. Petitioner has made no effort to show that the § 2255 remedy is inadequate or ineffective to address his claims, and given that such a challenge as the one he now makes could easily have been raised on direct appeal or through a § 2255 motion, it fully appears that the § 2255 remedy is entirely adequate to address Petitioner's claims. That the District of Maryland is not deciding the case as quickly as he likes in no way renders his remedy inadequate, and is an issue he should take up with that court. Petitioner's habeas petition is thus clearly not a true § 2241 petition, but instead contains claims he may raise in habeas only through a § 2255 motion. This Court therefore lacks jurisdiction over

those claims as they must be raised in the court from which his conviction arose – the District of Maryland.  *Rodriguez*, 645 F. App'x at 112.

Where a district court lacks jurisdiction over a matter, the Court may either dismiss the petition without prejudice or transfer the petition to the appropriate court if doing so would be "in the interests of justice."  28 U.S.C. § 1631.  Here, Petitioner already has a § 2255 motion pending in his sentencing court, and has filed a motion in his underlying criminal case which raises nearly identical claims to those raised in his current petition.  The claims he wishes to raise are therefore clearly already before the District of Maryland, and it would therefore not be in the interests of justice to transfer his current petition.  Petitioner's habeas petition (ECF No. 1) is therefore dismissed without prejudice for lack of jurisdiction.  Because this Court clearly lacks jurisdiction over his claims, Petitioner's outstanding motions (ECF Nos. 9-10) are denied as moot in light of the dismissal of this matter.

### IV.  CONCLUSION

In conclusion, Petitioner's habeas petition (ECF No. 1) is dismissed for lack of jurisdiction, and Petitioner's motions (ECF Nos. 9-10) are denied as moot in light of that dismissal.  An order consistent with this Opinion will be entered.

*Karen M. Williams*

Hon. Karen M. Williams,
United States District Judge